UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VAZQUEZ SAAVEDRA,<br><br>   Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; and DOES 1–10, inclusive<br><br>   Defendants. | Case No.:  21-cv-01193-AJB-BGS<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**(Doc. No. 13)** |

  Before the Court is Sergio Vazquez Saavedra's ("Saavedra") motion to remand. (Doc. No. 13.) Defendant Ford Motor Company ("Ford") opposes the motion. (Doc. No. 15.) Having reviewed the parties' moving papers and controlling legal authority, the Court finds the matter suitable for decision on the papers and without oral argument. Local Civ. R. 7.1.d. Accordingly, the motion hearing currently set for November 18, 2021 is hereby **VACATED**. For the reasons set forth below, the Court **DENIES** Saavedra's motion.

## I. BACKGROUND

This dispute arises from Saavedra's claim that Ford violated California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). (Doc. No. 1-2 at 2.)[1] Saavedra alleges that Ford breached express and implied warranty obligations based on defects, including but not limited to the engine and transmission, of a 2018 Ford Mustang ("Mustang") that Saavedra purchased from Ford. (*Id.* at 3–4.) On May 20, 2021, Saavedra instituted this action and brought two causes of action under the Song-Beverly Act in San Diego Superior Court. (*Id.* at 2.)

On June 29, 2021, Ford removed the action to federal court, asserting that this Court has diversity jurisdiction. (Doc. No. 1.) On September 21, 2021, Saavedra filed the instant motion to remand, arguing that Ford failed to carry its burden of establishing that the parties are in completely diversity and the amount in controversy exceeds $75,000. (Doc. No. 13-1.) Ford filed an opposition (Doc. No. 15), to which Saavedra replied (Doc. No. 16). This Order follows.

## II. LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

"[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins.*

---

[1] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.

*Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332(a)(1). Complete diversity requires that each plaintiff's citizenship is diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996). Whether or not complete diversity is present is determined at the time of removal. *See Am. Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also McNutt v. Gen. Motors Acceptance Corp., Inc.*, 298 U.S. 178, 189 (1936) (finding that the removing party must prove its allegations by a preponderance of the evidence). The court takes this proof from the notice of removal and may, if it chooses, construe the opposition to the motion to remand as an amendment to the notice of removal. *See Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

### III. DISCUSSION

Saavedra contends that Ford has failed to establish complete diversity and the requisite amount in controversy for diversity jurisdiction over this case. (Doc. Nos. 13, 16.) The Court discusses each argument in turn.

#### A. Complete Diversity

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (e.g., complete diversity). *Caterpillar Inc.*, 519 U.S. at 68. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business refers "to the place where a corporation's officers direct, control, and

coordinate the corporation's activities" often called the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [the] person's permanent home, where [he or] she resides with the intention to remain or to which [he or] she intends to return." *Id.*

Here, Saavedra does not dispute that Ford is a citizen of Delaware and Michigan, its place of incorporation and principal place of business, respectively. Saavedra asserts, however, that Ford has not met its burden of showing by a preponderance of the evidence that he is a citizen of California. The Court disagrees.

To begin, Saavedra alleges in his state court complaint that he "is an individual residing in the City of Vista, County of San Diego, and State of California." (Doc. No. 1-2 at 3.) Although residence does not necessarily equate to domicile, "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Ha Nguyen v. BMW of N. Am., LLC*, No. 20-cv-02432-JLS-BLM, 2021 WL 2411417, at *3 (S.D. Cal. June 14, 2021). Additionally, the Court finds the Ninth Circuit's decision in *Kanter v. Warner-Lambert Co.* instructive. *See* 265 F.3d at 857–58.

In *Kanter*, the Ninth Circuit found that the defendant failed to meet its burden of showing complete diversity because "neither [the] complaint nor [the] notice of removal made any allegation regarding [the plaintiffs'] state citizenship." 265 F.3d at 857. In so finding, the *Kanter* court expressly noted that the defendant's "failure to specify [the plaintiff's] citizenship was fatal" to its claim of diversity jurisdiction, and that the defendant could have cured the defect by amending its notice of removal. *Id.* at 858. There is no such fatal defect here.

In its notice of removal, Ford specified that Saavedra is a citizen of California. (Doc. No. 1 at 3.) Tellingly, despite having exclusive possession of facts to the contrary, Saavedra submitted no controverting evidence. *See, e.g.*, *Ayala v. Ford Motor Co.*, No. 20-cv-02383-BAS-KSC, 2021 WL 2644506, at *2 (S.D. Cal. June 28, 2021) (finding that Ford

adequately alleged complete diversity of citizenship where it affirmatively alleged, upon removal, that the plaintiff is a citizen of California, and the plaintiff "never asserted that he is not in fact a California citizen."). There is also no indication that Saavedra is domiciled in either of the states (Delaware or Michigan) that would destroy diversity in this case. Accordingly, based on the foregoing, the Court finds that Ford has demonstrated that it is more likely than not that there is complete diversity between the parties in this case.[2]

### B. Amount in Controversy

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 99. Courts have found that affidavits may be sufficient to satisfy a removing defendant's burden. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010).

As an initial matter, Saavedra objects to Ford's counsel's declaration and introduction of the Retail Installment Sales Contract ("RISC") and Carfax Vehicle Report ("Carfax Report") for the Mustang, arguing that the documents lack foundation, authentication, and contain hearsay. (Doc. No. 16-2.) The Court overrules Saavedra's objections. Ford's counsel attested that he is lead trial counsel in this case, reviewed the RISC and Carfax Report that his client obtained from its own as well as publicly available records, and has personal knowledge of the facts set forth in his declaration. (Doc. No. 15-1 at 2.) In addition, the declaration shows how the potential damages in this case could exceed the jurisdictional amount, (*id.* at 2–4), and the Ninth Circuit has found such evidence sufficient. *See, e.g.*, *Lewis*, 627 F.3d at 397 ("To satisfy its burden in this case, the removing defendant, Verizon Communications, Inc. ("Verizon"), supplied an affidavit

---

[2] The Court's decision in *Paul Eugene Peters, et al. v. FCA US LLC, et al.,* No. 20-cv-00013-AJB-AGS (S.D. Cal. July 17, 2020) does not dictate the outcome in this case because Ford, unlike the defendant in *Peters*, presents different arguments and case law in support of its claims.

to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden."). Moreover, the facts that Ford's counsel gleaned from the RISC and Carfax report are also detailed in the removal petition. (Doc. No. 1.) "[T]he court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation and citation omitted). Saavedra offers no controverting evidence or declaration, and there is no indication that the RISC and Carfax Report could not be presented in a form that would be admissible in evidence. *See id.*; Fed. R. Civ. P. 56(c)(2) (summary judgment rule providing "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"). As such, the Court finds the foregoing evidence appropriate for consideration for purposes of a motion to remand.

Turning to whether the amount in controversy exceeds $75,000 in this case, Saavedra alleges in his complaint that he seeks, among other things, "rescission of the purchase contract and restitution of all monies expended," "reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity," "a civil penalty of up to two times the amount of actual damages," and "attorney's fees." (Doc. No. 1-2 at 4–5.) Saavedra contends that Ford has not shown that the amount in controversy exceeds $75,000. The Court disagrees.

To begin, California Civil Code section 1793.2(d)(2)(B) defines "restitution" in relevant part as "an amount equal to the actual price paid or payable by the buyer, . . . including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees[.]" Section 1793.2(d)(2)(C) goes on to permit the defendant to reduce the amount payable to the buyer "by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the

nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

Here, the complaint does not allege the total amount of damages that Saavedra seeks. In support of its claim that the amount in controversy exceeds $75,000, Ford points to the RISC for the Mustang, which establishes that the total sale price for the vehicle was $44,782.25. (Doc. No. 15-2 at 8.) Included in the total price were an optional theft deterrent device for $795 and an optional service contract for $3,495. (*Id.*) Ford's actual damages analysis deducts the price of these optional items, resulting in a more conservative estimate of $40,492.25. Based on the plain text of California Civil Code section 1793.2(d)(2)(B), the Court finds $40,492.25 to be a reasonable estimate of "the actual price paid or payable by" Saavedra.

This figure, however, does not end the inquiry. The restitution awardable under section 1793.2(d)(2)(B) must be reduced by the amount directly attributable to Saavedra's use of the Mustang prior to the first repair or attempted repair. This set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C). Ford claims that on that date, the Mustang had 20,657 miles on the odometer. (Doc. No. 15-3 at 4.) When Saavedra purchased the Mustang, it had 17,034 miles on the odometer. (*Id.*; Doc. No. 15-2 at 8.) Accordingly, the Court finds that Ford has presented sufficient evidence to establish that the mileage attributable to Saavedra's use, for purposes of the instant motion, is 3,623 (20,657 miles – 17,034 miles = 3,623 miles). Utilizing the formula provided by section 1793.2(d)(2)(C), the mileage offset in this case is $1,222.53 [$40,492.25 x (3,623 miles / 120,000)]. This reduces the actual damages at issue to $39,269.72. Saavedra does not contest Ford's calculation of the purchase price or mileage offset.

The $39,269.72 figure does not end the inquiry either because Saavedra also seeks "a civil penalty of up to two times the amount of actual damages." (Doc. No. 1-2 at 5.) "Courts[,] as a matter of law, calculate the amount in controversy based upon the maximum

amount of civil penalties available to plaintiff." *Garcia v. FCA US, LLC*, No. 16-cv-00730-DAD-BAM, 2016 WL 4445337, at *4 (E.D. Cal. Aug. 24, 2016) (citation omitted). *See also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting district courts can consider treble damages where authorized by statute). Here, California Civil Code sections 1794(c) and (e) permit a buyer to recover a civil penalty not to exceed two times the amount of actual damages where the buyer establishes the defendant's failure to comply with the Song-Beverly Act is willful. Because Saavedra "is seeking recovery from a pot that [Ford] has shown could exceed [$75,000] and [Saavedra] has neither acknowledged nor sought to establish that the [ ] recovery is potentially any less," the Court finds that inclusion of a full civil penalty award is appropriate. *Lewis*, 627 F.3d at 401; *see also id.* at 401 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citation omitted).

As previously determined, the actual damages at issue is $39,269.72. Thus, the sum of Saavedra's actual damages and civil penalties claims equate to $117,809.16 [actual damages ($39,269.72) + civil penalties ($39,269.72 x 2)]. Because this figure exceeds the jurisdictional threshold, even without the inclusion of Saavedra's claims for attorney's fees and costs,[3] the Court finds that Ford has carried its burden of showing that the amount in controversy is satisfied in this case.

//
//
//
//

---

[3] The Court also finds sufficient Ford's counsel's declaration that based on his litigation experience and reviewing Saavedra's counsel' fee motions in similar cases, the anticipated fees sought and awarded are beyond $30,000. (Doc. No. 15-1 at 3–4 (collecting cases).)

## IV. CONCLUSION

Based on the foregoing, the Court finds that Ford has demonstrated by a preponderance of evidence that: (1) the parties are in complete diversity and (2) the amount-in-controversy requirement is satisfied in this case. Accordingly, the Court **DENIES** Saavedra's motion to remand. (Doc. No. 13.) The Clerk of Court is **DIRECTED** to **VACATE** the scheduled motion hearing date for November 18, 2021.

**IT IS SO ORDERED**.

Dated: November 3, 2021

Hon. Anthony J. Battaglia
United States District Judge